IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| WENDELL NEWTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:20-cv-00226-P-BP |
| § | |
| BELL HELICOPTER TEXTRON, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This employment discrimination case was referred to the undersigned automatically under Special Order No. 3 on March 11, 2020. ECF No. 7. Before the Court is Defendant's Motion to Dismiss and Brief in Support filed on March 18, 2020. ECF No. 10. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** Defendant's Motion to Dismiss and **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE**.

**I.     BACKGROUND**

On March 9, 2020, pro se Plaintiff Wendell Newton ("Newton") brought this action against Defendant Bell Textron Inc. ("Bell"), misidentified in the Complaint as "Bell Helicopter Textron," alleging that he was denied a transfer to an autoclave position because he is African American. ECF Nos. 3, 10. Newton claims that in denying him the transfer, Bell violated Title VII of the Civil Rights Act. ECF No. 3 at 1, 4. He alleges that he made "a complaint through the Union in January 2018" and "[has] not been given a reason for being denied that Autoclave position." *Id.* at 1 (internal punctuation omitted). He further alleges: "This is my 2nd discrimination in 25 years with Bell Helicopter." *Id.*

Before filing the Complaint in this Court, Newton filed complaints with the Texas Workforce Commission Civil Rights Division and the U.S. Equal Employment Opportunity Commission ("EEOC"). *Id.* at 2, 4. On December 16, 2019, the EEOC determined that based upon its investigation, it was "unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes." *Id.* at 2.

Bell moved to dismiss Newton's Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 10. On March 30, 2020 and April 15, 2020, the Court directed Newton to file a response if he opposed the motion, but he did not file a response by the deadlines set forth in the orders. *See* ECF Nos. 11, 13.

## II.  LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. The Rules require that each claim contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). A complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *id.* at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, documents properly attached to the complaint or incorporated by reference and matters of which a court may take judicial notice. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "The court may judicially notice [an adjudicative fact] that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

There exists a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible the Fifth Circuit has recommended that suits be dismissed without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976) (vacating and remanding a Rule 12(c) dismissal with instructions to the district court to dismiss without, instead of with, prejudice). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings. *Great Plains Tr. Co.*, 313 F.3d at 329; *see Parker v. Allstate Ins. Co.*, No. 3:16-CV-00892-CWR-FKB, 2017 WL 4287912, at *1 (S.D. Miss. Sept. 27, 2017) ("It is well-established that plaintiffs who fail to meet their burden on a motion for judgment on the pleadings and yet may still have a viable avenue to recover should be granted leave to amend their complaint and make their best case." (citation and internal quotation marks omitted)); *In re Online Travel Co. (OTC) Hotel Booking Antitrust Litig.*, 997 F. Supp. 2d 526, 548–49 (N.D. Tex. 2014) (dismissing for failure to state a claim without prejudice because dismissing with prejudice would be "too harsh a sanction").

A pro se plaintiff's pleadings are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106

(1976). A pro se complaint, "'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers . . . .'" *Id.* (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). If the district court determines that a plaintiff has pleaded his or her best case, however, the court does not err in dismissing a pro se complaint with prejudice. *Jones v. Greninger*, 188 F.3d 322, 326–27 (5th Cir. 1999) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)).

### III. ANALYSIS

Although Newton indicated in the Civil Cover Sheet that accompanied his Complaint that the Nature of Suit was a claim under the Fair Labor Standards Act ("FLSA"), he only alleges race discrimination under Title VII of the Civil Rights Act in his Complaint. ECF No. 3 at 1, 6. The undersigned will address Newton's claims under both statutes.

#### A. Newton does not state a claim under the Fair Labor Standards Act.

The FLSA regulates wages and hours, and it prohibits employers from paying employees differently on the basis of sex. Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219. It does not prohibit workplace discrimination based on race. *See id.* Regardless of the box Newton checked on the Civil Cover Sheet when he filed his Complaint, the FLSA does not apply here because his only claim is that his employer discriminated against him based on his race. *See* ECF No. 3 at 1, 6.

#### B. Newton does not state a claim under Title VII of the Civil Rights Act.

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). Liability for race discrimination under Title VII requires a showing of "disparate

treatment," meaning it "depends on whether the protected trait actually motivated the employer's decision." *Moghalu v. Bd. of Supervisors for the Univ. of La. Sys. for Nw.*, 643 F. App'x 326, 329 (5th Cir. 2016) (citation and internal quotation marks omitted). "A plaintiff can prove disparate treatment either (1) by direct evidence that a workplace . . . decision relied expressly on a protected characteristic, or (2) by using the burden-shifting framework set forth in *McDonnell Douglas*." *Id.* at 330 (citation omitted). Under this framework, a plaintiff must establish a prima facie case of discrimination by showing that

> (1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances.

*Id.* (citation omitted). Nevertheless, it is not necessary

> for a plaintiff to "make out a prima facie case of discrimination in order to survive a Rule 12(b)(6) motion to dismiss." *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). Indeed, the Supreme Court has cautioned that "the prima facie case should not be transposed into a rigid pleading standard for discrimination" cases. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 507 (2002). That being said, "[a]llegations related to that prima facie inquiry may nonetheless be helpful in satisfying the general *Iqbal* plausibility standard." *Haskett v. Cont'l Land Res., LLC*, 668 F. App'x 133, 134 (5th Cir. 2016) (citation omitted).

*Davis v. Matagorda Cty.*, No. 3:18-CV-00188, 2019 WL 1015341, at *8 (S.D. Tex. Mar. 4, 2019) (brackets in original).

If the plaintiff successfully establishes a prima facie case of discrimination, "the burden then shifts to the employer to produce evidence that its actions were justified by a legitimate, nondiscriminatory reason." *Moghalu*, 643 F. App'x at 329 (citation and internal quotation marks omitted). Then, the plaintiff has the "opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant" were a mere pretext for discrimination. *Id.* (citation and internal quotation marks omitted). The plaintiff may alternatively prove that the

5

employer's reasons were not the only reasons for its conduct, and the plaintiff's protected characteristic was another "motivating factor." *Id.* (citation omitted).

Here, Newton does not allege disparate treatment by offering direct evidence that a workplace decision relied expressly on his race. So, the Court will analyze his claim under the *McDonnell Douglas* burden-shifting framework, using the requirements for a prima facie case as a guide for whether his Complaint meets the *Twombly/Iqbal* pleading standard. *See Davis*, 2019 WL 1015341, at *8.

Newton alleges facts to support the first element of the framework, but not the other three. He properly alleges the first element by stating that he is African American, which shows that he is part of a protected class. *Lyles v. Tex. Alcohol Beverage Comm'n*, 379 F. App'x 380, 383 (5th Cir. 2010); ECF No. 3 at 4. Newton does not allege the second element. He asserts that his employer gave the autoclave positions to two white employees even though he had seniority over one of the employees. ECF No. 3 at 4. He does not, however, allege that he was qualified for the position. *See* ECF No. 3.

Newton does not allege facts to support the third element of the *McDonnell Douglas* test. In the Fifth Circuit, "adverse employment actions consist of 'ultimate employment decisions' such as hiring, firing, demoting, promoting, granting leave, and compensating." *Thompson v. City of Waco*, 764 F.3d 500, 503 (5th Cir. 2014) (citations omitted). "An employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action." *Id.* (quoting *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004)). If an employer denies an employee's request to transfer to a different position, this "*may* be the objective equivalent of the denial of a promotion, and thus qualify as an adverse employment action . . . if the position sought was objectively better." *Alvarado v. Tex. Rangers*, 492 F.3d 605, 614 (5th Cir. 2007) (emphasis in

original). "In determining whether the new position is objectively better, a number of factors may be relevant, including whether the position: entails an increase in compensation or other tangible benefits; provides greater responsibility or better job duties; provides greater opportunities for career advancement; requires greater skill, education, or experience; is obtained through a complex competitive selection process; or is otherwise objectively more prestigious." *Id.*

Newton alleges that Bell denied him a transfer to the autoclave position, but he does not provide any information about his current position or the autoclave position, and he does not assert that the autoclave position is objectively better. *See* ECF No. 3. Accordingly, Newton does not properly plead the third element.

Finally, Newton's Complaint omits the fourth element because he does not assert that the white employees received the autoclave position under nearly identical circumstances. When analyzing a Title VII claim under the *McDonnell Douglas* framework,

> [t]he employment actions being compared will be deemed to have been taken under nearly identical circumstances when the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have essentially comparable violation histories. And, critically, the plaintiff's conduct that drew the adverse employment decision must have been "nearly identical" to that of the proffered comparator who allegedly drew dissimilar employment decisions.

*Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009). Newton does not provide any information about whether he and the white employees who were transferred to the autoclave positions held the same jobs or responsibilities, shared the same supervisor, or had essentially comparable violation histories. *See* ECF No. 3. He also does not allege that his conduct and the conduct of the white employees was nearly identical. *Id.* Therefore, Newton does not properly plead the fourth element.

## IV. CONCLUSION

Even considering the Supreme Court's mandate against converting the prima facie case from a "flexible evidentiary standard" into a "rigid pleading standard for discrimination cases," Newton does not offer sufficient factual allegations to support an argument that his race actually motivated Bell to transfer white employees instead of him to the autoclave positions. *Swierkiewicz*, 534 U.S. at 512; *see Moghalu*, 643 F. App'x at 329; ECF No. 3. Construing Newton's Complaint liberally and recognizing that he need not plead a prima facie case of race discrimination to overcome the Rule 12(b)(6) motion, his Complaint lacks enough factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Because Newton only pleads facts to support one of the four elements required to state a Title VII claim here, he does not satisfy the Rule 12(b)(6) pleading standard.

Accordingly, the undersigned **RECOMMENDS** that Judge Pittman **GRANT** Bell's Motion to Dismiss, ECF No. 10; **DISMISS WITHOUT PREJUDICE** Newton's claims against Bell; and allow Newton an opportunity to file an amended complaint that complies with the Federal Rules of Civil Procedure and addresses the deficiencies noted in this Findings, Conclusions, and Recommendation within the fourteen days allotted for objections to this recommendation. If Plaintiff files an amended complaint within that time period, Bell's Motion to Dismiss should be **DENIED** as moot, and the action should be allowed to proceed on the amended complaint.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state

the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on June 25, 2020.

                                                       Hal R. Ray, Jr.
                                                       UNITED STATES MAGISTRATE JUDGE